**SEISMOGRAPH SERVICE CORPORATION and Hartford Accident and Indemnity Company et al., Petitioners,**

v.

**Byron COSBY and the State Industrial Commission, Respondents.**

**No. 37707.**

Supreme Court of Oklahoma.

Oct. 29, 1957.

Covington, Donovan & Gibbon, Tulsa, for petitioners.

James Wm. Brown, A. D. Mason, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

JOHNSON, Justice.

On the 8th day of March, 1956, Byron Cosby, respondent herein, filed a claim for compensation against Seismograph Service Corporation, referred to herein as petitioner, and its insurance carrier, Hartford Accident and Indemnity Company, referred to herein as insurance carrier, in which he states that on April 20, 1956, while in the employ of petitioner he sustained an accidental injury consisting of a double hernia and complications after surgery; that the accident occurred when two co-employees pushed a truck against him.

Petitioner and insurance carrier filed a joint answer consisting of a general denial.

The trial judge at the close of the evidence found that on the 20th day of April, 1955, respondent while in the employ of petitioner sustained an accidental injury consisting of a double hernia and complications from surgery for a hernia causing nervousness and atrophy of his right testicle; that respondent has been paid fourteen weeks compensation and costs of operation for the hernia injury; that respondent has sustained a thirteen percent permanent partial disability to his body by reason of the complications developed to his testicle causing nervousness and atrophy of his testicle for which he is entitled to compensation for sixty-five weeks at $28 per week or the total sum of $1,820, and upon such finding entered an award in favor of respondent accordingly, which was sustained on appeal to the Commission en banc.

Petitioner and insurance carrier bring the case here to review this award, and among other contentions contend that the award is not supported by the evidence and is contrary to law.

There is little dispute as to the facts. Respondent testified that on the 20th day of April, 1955, while in the employ of petitioner he sustained an accidental injury resulting in double hernia; that he was operated for the hernia. The operation was successful; that he had received fourteen weeks compensation for his injury causing the hernia and cost of operation. Thereafter, complications developed involving his right testicle. The testicle began to swell and pain him considerably. He, however, kept on working at intervals for different employers. He worked in all about sixteen weeks, since which time he has not been able to do any work because of the pain in his testicle. He further testified that after the injury a tumor developed on his breast. The tumor has been removed and caused him no further trouble.

The medical testimony consisted of testimony of two doctors, the doctor who operated for the hernia and another doctor. The doctor who operated testified that respondent as a result of his injury of April 20, 1955, sustained a double hernia; that he operated for the hernia. The operation was a complete and perfect success; that after the operation some complications arose affecting his right testicle, which he defined as atrophy of the testicle and stated that in all probability the condition of his testicle was caused by the operation. He further testified that in all operations on rare occasions a blood clot will form and lodge in some portion of the patient's body; that in this case a blood clot formed and lodged in the arteries and veins supplying respondent's testicle, causing atrophy of the testicle. He, however, testified that in his opinion respondent would have no permanent disability because of such condition.

The other doctor likewise so testified, except that he differed with the testimony of the doctor who performed the operation as to the disability respondent would sustain as a result of such condition. The doctor testified that, in his opinion, re-

spondent would have no physical disability as the result of the injury to his right testicle. However, he would have a mental condition brought about by worry causing extreme nervousness, which condition the doctor defined as traumatic neurosis and further testified that such condition will in some degree disable him from performing ordinary manual labor; and that, in his opinion, as a result of the injury to his testicle respondent has sustained a twenty-five percent permanent partial disability to his body as a whole.

 While the evidence is in conflict as to the disability, if any, respondent sustained as the result of the injury to his testicle, we think the evidence of the above named doctor taken into consideration with respondent's evidence is sufficient to sustain the finding of the Commission that as a result of such injury he has sustained a thirteen percent permanent partial disability to the body as a whole. See, in this connection, Folsom Auto Supply v. Bristow, Okl., 275 P.2d 706. In that case we sustained an award of the State Industrial Commission awarding claimant compensation for injury to his testicle on the basis of twenty-seven and one-half percent permanent partial disability to his body as a whole under testimony similar to the testimony offered in this case.

In Rialto Lead & Zinc Co. v. State Industrial Commission, 112 Okl. 101, 240 P. 96, 44 A.L.R. 494, this court held:

"Where, as the proximate result of an accidental personal injury sustained by an employe arising out of and in the course of his employment, such employe, after all objective and subjective symptoms of actual physical injury are removed, suffers from a nervous breakdown and a neurasthenic condition ensues attributable to such injury which precludes the employe from resuming his work in his former occupation, such mental condition is an injury arising out of and in the course of his employment and is compensable under the provisions of the Workmen's Compensation Act."

 Petitioner further contends that the Commission was without authority to award respondent compensation for disability sustained as a result of the injury to his testicle in the absence of a showing of an improperly performed or unskilled operation. We do not agree. We have on different occasions held that where an injured employee submits to a surgical operation tendered to him by his employer for the purpose of perfecting a cure to restore his earning capacity, such employer is liable for compensation under said Workmen's Compensation Law for the disability, if any, which may follow as result of said surgical operation regardless of any aggravation of any prior injury or the neglect or unskillfulness or error of judgment of the physician selected by the employer. Skelton Lead & Zinc Co. v. Bagby, 166 Okl. 214, 27 P.2d 168; Kelly v. Roger Givens Wholesale Millwork, Okl., 281 P.2d 944; Abney and Eaves v. Redecker, Okl., 303 P.2d 417; Western Oil Drilling Co. v. Snow, 185 Okl. 545, 94 P.2d 902.

Petitioner further contends that under the provisions of 85 O.S.1951 § 22, subsection 3, the ultimate award which a claimant may recover for injury resulting in hernia in the absence of a showing that the hernia has resulted in total permanent disability is fourteen weeks and cost of operation, and since the evidence shows that respondent has been paid compensation for fourteen weeks and cost of operation for the hernia injury and since such injury did not result in permanent total disability the Commission was without authority to award him additional compensation due to an alleged injury caused by the operation. We do not agree.

 The Commission did not award respondent additional compensation for his injury resulting in hernia. It awarded him additional compensation for resulting disability because of the injury to his testicle which was caused by the operation, a separate and distinct injury from the hernia injury.

We think the Commission was authorized to award him such additional compensation

under the "other cases" provision of 85 O.S.1951 § 22, subsection 3. Empire Oil & Refining Co. v. Myers, 177 Okl. 401, 60 P.2d 730; Skelton Lead & Zinc Co. v. Bagby, supra.

We conclude that the finding of the Commission and the award based thereon is supported by the evidence and is not contrary to law.

Award sustained.