CHARLES PIERCE OIL COMPANY and
U. S. F. & G. Insurance
Company, Petitioners,

v.

Kenneth J. MERRIMAN, Respondent.

No. 50619.

Supreme Court of Oklahoma.

June 21, 1977.

Don L. Dees, Inc., Tulsa, for petitioners; Glenn P. Bernstein, Tulsa, on the brief.

Richard A. Bell, Norman, for respondent.

BERRY, Justice:

The only issue for review concerns petitioners' claim of asserted lack of competent medical evidence to support an award of compensation for permanent partial disability resulting from accidental injuries sustained during covered employment.

Jurisdictional questions and evidentiary matters showing accidental injury were admitted, or established by uncontroverted evidence. Claim for compensation alleged injury to several body areas, resulting from a fall in course of operating a truck owned by petitioner, hereafter respondent.

Hearing was set pursuant to claimant's motion for determination of permanent partial disability. Motion was based upon report of Dr. M who examined claimant August 9, 1976, after receiving history of injury resulting in hospitalization and treatment, and complaints concerning physical condition and bodily limitation at a time of examination. The physician evaluated disability at 75% to body as a whole, resulting from accidental injuries to neck, low back, left wrist, and right leg and ankle. Disability to body as a whole was based partially upon separate evaluation of disability to left hand and right ankle.

When the case was heard [September 7, 1976] respondent stipulated as to occurrence of accidental injury April 28, 1976, furnishing of medical attention and payment of temporary total compensation until September 1, 1976.

Written objection to this report as premature and therefore incompetent was overruled. Respondents were unable to offer medical evidence in compliance with State

Industrial Court Rules, and objected to hearing as prematurely set. Inability to secure medical report was attributed to absence of counsel and treating doctor. Respondent did tender medical report of treating doctor [D. H. H. M.] dated September 7, 1976. Claimant waived objection thereto, and this report was admitted by the court's exception to application of Rule 12(2) of State Industrial Court Rules.

The trial judge entered an order awarding compensation for 75% permanent partial disability to body as a whole resulting from injuries to right foot, left hand, neck and back. This order was affirmed on en banc appeal.

On August 11, 1976, Dr. H. H. M. reported on condition of claimant's left arm after examination and application of a new cast on May 24, 1976. Claimant was not seen thereafter until August 25, 1976, at which time the physician noted complaints related to cervical spine, low back and right ankle. Based upon examination the doctor reported 30% restriction of cervical spine, with restriction in ability to rotate head; good range of motion in lumbar spine with positive reaction to straight leg raising on right; generalized tenderness of right ankle; although completely healed, left wrist showed restriction of flexion and extension. No treatment was recommended for cervical or lumbosacral or ankle symptoms. Claimant was released from active treatment with estimated 5% permanent partial disability of left wrist.

Respondents urge medical evidence, confirmed by claimant's testimony, showed claimant had not been released by the treating doctor, and still was receiving temporary total compensation when evaluated by Dr. M. Thus the physician's report rating disability was completely incompetent. Therefore, the only competent medical evidence was that of Dr. H. H. M. who reported only 5% disability, which requires the award be vacated because unsupported by competent medical evidence.

Respondent's argument is unpersuasive. Initially, it should be noted the treating doctor did not examine or treat claimant between May 24, 1976, and August 25, 1976, although on August 11, 1976, the doctor reported inability to attest to claimant's condition. Nothing in respondent's medical evidence either expressed necessity for, or rendition of treatment during three months interim between examinations. Neither was there any expression as to temporary total disability during that period.

In essence, respondent's argument is that no permanent partial disability could be evaluated until the treating doctor reported cessation of temporary total disability. Stated otherwise, claimant's doctor could not independently determine the healing period had ended, and then evaluate as to permanent partial disability prior to release by the treating doctor. No authority is advanced to support this argument.

The import of Dr. M's report was that temporary disability had ceased on August 9, 1976, and residual effects of bodily injuries then were subject to evaluation to the extent reported. Cause and extent of disability in all cases must be determined from skilled professional testimony. The existence of conflicting evidence as to period and termination of temporary total disability did not render Dr. M's medical opinion incompetent. The most to be said of this circumstance is that this question simply involved credibility of one expert's evidence against that of the other. Probative value of medical evidence always presents a fact question for State Industrial Court determination. *Yarbro Const. Co. v. Griffin,* Okl., 521 P.2d 75; *Goombi, etc. v. Trent,* Okl., 531 P.2d 1363.

The trial court accepted claimant's medical evidence as to cessation of temporary total disability and extent of permanent partial disability. There was competent medical evidence upon which to base this determination. However, no competent evidence supports the finding that temporary total disability continued to September 1, 1976, although respondent had paid compensation for this period. Respondents are entitled to credit for overpayment of temporary total compensation to the extent noted.

The award is sustained. The cause is remanded to State Industrial Court for re-calculation of the award.

All Justices concur.