ORCHID CLEANERS and the State Insurance Fund, Petitioners,

v.

Velma Ruth FORD and the Workers' Compensation Court of the State of Oklahoma, Respondents.

No. 66021.

Court of Appeals of Oklahoma, Division No. 3.

March 3, 1987.

Rehearing Denied May 12, 1987.

Certiorari Dismissed July 22, 1987.

Mathew L. Gee, Bloodworth & Associates, Oklahoma City, for respondent, Velma Ruth Ford.

William C. Doty, Oklahoma City, for petitioner, State Ins. Fund.

BAILEY, Judge:

This case comes on for review of Trial Court's award of 35% permanent partial disability to Respondent Velma Ruth Ford. Petitioner appealed the award to the Workers' Compensation Court *en banc*, which sustained the award of the Trial Court. On appeal, Petitioner State Insurance Fund asserts the award to Respondent is not supported by competent medical evidence and prays for vacation of the previous award.

Respondent Velma Ruth Ford worked in a drapery business, cutting and pleating drapes, cleaning drapes, training new employees and cleaning the business' drapery machines. Through the course of a normal work day, Respondent testified that the work area became covered with a white dust or lint originating from the drapery materials used in her employer's business, and which dust/lint she was required to clean from her work area at the end of each day.

In April, 1984, Respondent began experiencing pain in her lungs and throat, and twice consulted her family physician, Dr. King. In October, 1984, she again sought Dr. King's treatment, presenting the same symptomology, and additionally complaining of shortness of breath, coughing and wheezing. Respondent was admitted to the hospital, where Dr. King conducted pulmonary function studies. Dr. King performed a second study in February, 1985, which indicated some improvement in Respondent's condition, but which improvement Dr. King attributed to continuing medication; Dr. King stated in depositions that Respondent's condition would digress if medication were discontinued, which digression was demonstrated to the Trial Court. Dr. King later conducted a third pulmonary study and ultimately rated Respondent's permanent partial disability at 35%. He opined that Respondent would require continued medication for her conditions for the remainder of her life.

Petitioner State Insurance Fund attacks the medical reports of Dr. King, asserting that his reports and ratings of Respondent did not consider all pulmonary studies conducted on Respondent, and that therefore, the doctor's reports are incompetent evidence of Respondent's disability. Petitioner mainly complains that the doctor's reliance on his first two evaluations while Respondent was temporarily totally disabled is misplaced, and argues that Respondent's condition can only be adequately rated after the Respondent's "healing period" and after temporary total disability has been terminated.

However, and contrary to Petitioner's position, evaluation for permanent partial disability may be made while Claimant is receiving temporary total disability. As the Supreme Court noted in this issue:

> "In essence, respondent's argument is that no permanent partial disability could be evaluated until the treating doctor reported cessation of temporary total disability. Stated otherwise, claimant's doctor could not independently determine the healing period had ended, and then evaluate as to permanent partial disability prior to release by the treating doctor. No authority is advanced to support this argument.

> The import of Dr. M's report was that temporary disability had ceased on August 9, 1976, and residual effects of bodily injury then were subject to evaluation to the extent reported. Cause and extent of disability in all cases must be determined from skilled professional testimony. The existence of conflicting testimony as to period and termination of temporary total disability did not render Dr. M's medical opinion incompetent. The most to be said of this circumstance is that this question simply involved credibility of one expert's evidence against that of another. Probative value of medical evidence always presents a fact

question for State Industrial Court determination. *Yarbro Const. Co. v. Griffith,* Okl., 521 P.2d 75; *Goombi, etc. v. Trent,* Okl., 531 P.2d 1363." *Charles Pierce Oil Co. v. Merriman,* 567 P.2d 991, 992 (Okl. 1977).

In *Merriman,* supra, the insurer and employer advanced the same argument as does Petitioner herein: because the claimant was still receiving temporary total disability and had not been released by the treating doctor when evaluated, the doctor's report was thus incompetent. Just as the Supreme Court found that cessation of treatment and temporary total disability was not a prerequisite to evaluation of permanent partial disability in *Merriman,* supra, we find that in the case before us, cessation of temporary disability is not a prerequisite to evaluation by Dr. King of Respondent's permanent partial disability. Similarly, as the Court in *Merriman* found the award supported by competent evidence, and sustained the claimant's award, we here find ample support in competent evidence for the award of the Trial Court, and the award of the Workers' Compensation Court is therefore SUSTAINED.

HANSEN, P.J., and HUNTER, J., concur.