1999 OK 25

**Samuel Ronald PHILLIPS, Petitioner,**

**v.**

**DUKE MANUFACTURING, INC., Liberty Mutual Insurance, and the Workers' Compensation Court, Respondent.**

**No. 90,880.**

Supreme Court of Oklahoma.

April 6, 1999.

Rehearing Denied June 22, 1999.

As Corrected June 22, 1999.

Susan H. Jones, Wilson Jones, P.C., Tulsa, Oklahoma, for Petitioner.

Kevin Berry, Rhodes, Hieronymus, Jones, Tucker & Gable, Tulsa, Oklahoma, for Respondent.

HODGES, J.

¶ 1 The issue of first impression in this case is whether an injured employee who has received the maximum amount of temporary total disability payments for his original injury may receive additional compensation when he suffers a consequential injury during treatment of the original injury. Even though the Court of Civil Appeals correctly analyzed the legal authority and reached the correct decision, we address the issue to resolve any doubt.

## I.  FACTS

¶ 2 On March 21, 1989, Samuel Ronald Phillips, the claimant, suffered a job-related injury to his back and right knee (original injury). The claimant began receiving temporary total disability compensation. In November 1996, during the course of physical therapy for the original injury, the claimant suffered an injury to his neck. The claimant filed an amended form seeking compensation for the neck injury. The trial tribunal found that the claimant had suffered a compensable consequential injury. A three-judge panel affirmed.

¶ 3 The trial tribunal denied the claimant's request for compensation for the neck injury because the claimant had already been compensated for 300 weeks for the original injury. The claimant appealed. The Court of Civil Appeals reversed finding that the payment of compensation for 300 weeks for the original injury was appropriate because the claimant had suffered a separate and distinct injury.

## II.  DISCUSSION

¶ 4 It is uncontested that but for the 300 weeks compensation paid for the original injury, the claimant would be entitled to compensation for the neck injury. The respondents admit that the claimant is entitled to benefits for a subsequent injury and that the subsequent injury, not the original injury, creates the incapacity to perform any remunerative labor. The respondents assert that the consequential injury is not a separate injury and that the 300 week cap encompasses all periods of temporary disability following the original injury. Thus, the only issue before this Court is whether an injured employee who receives the statutory limit for temporary total disability benefits is entitled to additional benefits when he suffers a consequential injury during the course of treatment for the original injury.

¶ 5 The outcome of this case ultimately depends upon the construction of the 1995 version of section 22(2)(b) of title 85, the statute in force at the time of the neck injury. *York v. Burgess–Norton Manufacturing Co.*, 1990 OK 131, ¶ 5 n. 1, 803 P.2d 697. The version of section 22(2)(b) in effect when the neck injury occurred states:

> With respect to injuries occurring on or after November 4, 1994, in cases of temporary total disability, seventy percent (70%) of the employee's average weekly wages shall be paid to the employee during the continuance thereof, but not in excess of fifty-two (52) weeks.... Upon a finding that benefits should be extended beyond the initial fifty-two week period, compensation may be continued for additional successive fifty-two week periods.... Total payments of compensation for temporary

total disability may not exceed a maximum of three hundred (300) weeks in aggregate. Okla. Stat. tit. 85, § 22(2)(b) (Supp.1995).

▮▮ ¶ 6 The goal of statutory construction is to ascertain and follow the Legislature's intent. *City of Tulsa v. State ex rel. Public Employees Relations Board,* 1998 OK 92, ¶ 14, 967 P.2d 1214, 1220. The Workers' Compensation Act (the Act) is to be liberally construed in favor of the workers it is intended to benefit. *Garrison v. Bechtel Corp.,* 1995 OK 2, ¶ 17, 889 P.2d 273. The purpose of the Act is to compensate for the loss of earning, not to indemnify for injury. *Farm Fresh, Inc. v. Bucek,* 1995 OK 44, ¶ 10, 895 P.2d 719. Compensation for temporary total disability under section 22 is intended to allow a healing period following an accidental injury arising out of and in the course of employment. *Bama Pie, Inc., v. Roberts,* 1977 OK 100, ¶ 12, 565 P.2d 31, 34.

¶ 7 An analysis of section 22(2) shows that the compensation benefits for claimant's neck injury are not restricted by the payment of compensation for 300 weeks for the back and knee injury. Section 22(2) provides that in cases of temporary total disability, seventy percent of an employee's average weekly wages shall be paid "during the continuance thereof." "During the continuance thereof" refers to the temporary total disability resulting from the neck injury in this case. The statute limits the initial compensation to fifty-two weeks. It then provides that the initial fifty-two weeks can be extended for additional successive fifty-two week periods upon a finding that the benefits should be extended. The limitation of compensation to 300 weeks "in the aggregate" clearly refers to the initial fifty-two week period plus any successive periods for the neck injury in this case. This limitation does not limit compensation for the subsequent neck injury based on the number of weeks paid on the previous back and knee injury.

¶ 8 The language relied on by respondents merely limits the compensation period to a maximum of 300 weeks per injury. Section 22(2) of the Act recognizes that the healing period for an injury can be extended by re-injury or aggravation and limits the amount of compensation for any one injury to

300 weeks in the aggregate. However, the 300 week limitation does not prevent recovery where, as here, the claimant suffers a new separate and distinct injury that results in temporary total disability.

▮▮ ¶ 9 In construing a statute, other relevant provisions of an act must be considered. *Association for Equitable Tax v. Oklahoma City,* 1995 OK 62, ¶ 5, 901 P.2d 800. Section 22(7), as a relevant provision of the Act, supports the argument that the 300 week limitation does not prevent additional compensation for each discreet injury. Section 22(7) provides "[t]he fact that an employee has suffered previous disability or impairment or received compensation thereafter shall not preclude the employee from compensation for a later accidental personal injury or occupational disease." Section 22(7) signifies the legislative intent to provide compensation benefits for each discreet injury rather than for each claim as argued by the respondents.

¶ 10 Applying this interpretation of the Act to the facts of the case before the Court, it is clear that the claimant is entitled to an additional compensation for his neck injury. The claimant originally suffered an injury to his knee and back. He has not re-injured or aggravated his knee and back, but has suffered a new injury to his neck. The neck injury is compensable because the claimant was injured during a course of prescribed treatment determined by the workers' compensation court to have arisen out of and in the course of employment. How the claimant was injured is immaterial to the issue under consideration. What is important is that the neck injury has resulted in a determination by the trial court of temporary total disability. The new injury and the determination of temporary total disability give rise to claimant's right to additional compensation.

¶ 11 The outcome in this case is consistent with prior decisions of this Court. We have held that complications arising from a hernia injury are compensable where the claimant has received the maximum amount of benefits allowed for a hernia. *Fiesta Pools of Oklahoma City v. Pratt,* 1965 OK

133, ¶¶ 28–29, 405 P.2d 1014, 1019. The Court reasoned that the complications created an additional disability which hindered the claimants ability to work *Id.* The Court has also held that permanent disability payments awarded for an original injury do not preclude a claimant from receiving temporary total disability compensation for a subsequent injury. *J.C. Penney Co. v. Crumby,* 1978 OK 80, ¶ 12, 584 P.2d 1325, 1330. The Court stated that a claimant who suffers two compensable injuries from two separate accidents is entitled to benefits for each injury even though the claimant had received the maximum amount of permanent disability benefits for the original injury. *Id.*

¶ 12 The claimant in the present case has suffered a new injury during the treatment of his original injury. The neck injury is a consequence of treatment for the original knee and back injury just as the complications from hernia surgery are a result of treatment for a hernia. The neck injury has caused a new disability which prevents the claimant from working. Furthermore, the claimant has suffered two separate injuries as a result of two incidents. The knee and back injury occurred during a work related accident. The neck injury was the result of an accident during treatment. It is claimant's new disability which entitles him to temporary total disability benefits and the first injury does not preclude compensation for the second.

### III. CONCLUSION

¶ 13 An injured employee is entitled to receive benefits for each work related injury resulting in temporary total disability. The claimant has suffered a new injury to his neck which is separate from his original knee and back injury. The neck injury resulted in a determination of temporary total disability; therefore, he is entitled to temporary total disability benefits for the new injury. The order of the Workers' Compensation Court denying compensation for the neck injury is vacated, and the matter is remanded with instructions.

COURT OF CIVIL APPEALS' OPINION IS VACATED; ORDER OF THE WORKER'S COMPENSATION COURT'S IS VACATED AND CAUSE REMANDED.

¶ 14 SUMMERS, C.J., HODGES, ALMA WILSON, KAUGER and WATT, JJ., concur.

¶ 15 HARGRAVE, V.C.J., LAVENDER, SIMMS and OPALA, JJ., concur in part; dissent in part.