2002 OK CIV APP 38

**Richard L. McKNIGHT, Petitioner,**

v.

**AMERICAN AIRLINES, INC., American Home Assurance, and The Workers' Compensation Court, Respondents.**

No. 96,652.

Court of Civil Appeals of Oklahoma, Division No. 1.

Decided Feb. 15, 2002.

Richard L. Peaster, Tulsa, OK, For Petitioner.

Neil F. Layman, Tulsa, OK, For Respondents.

## OPINION

CARL B. JONES, Judge:

¶ 1 Richard L. McKnight (Claimant) originally injured his right knee on February 10, 1999, and received treatment consisting of surgical intervention and therapy. Later, Petitioner filed his Form 3 claim for compensation on December 11, 2000. American Airlines and American Home Assurance (Respondents) filed a Form 10 containing a stipulation admitting Claimant's claim of injury to the right knee. About four months later, on April 6, 2001, Petitioner filed a request for an IME and additional medical treatment. Respondents denied Claimant's request for additional medical treatment on the basis that an intervening accident while not at work was the cause of the need for additional medical treatment. The cause of this later injury was a hyper-extended knee which occurred when Petitioner bent over to pick up his thirty-five pound son.

¶ 2 On July 11, 2001, the trial judge issued an order finding Claimant suffered an intervening, non-work related accidental injury to his right knee on July 4, 2000, and found any need for additional medical treatment to Claimant's right knee was due to this non-work related accidental injury. Thus, Petitioner's request for additional medical treatment was denied. It is from this order that this review proceeding is brought.

¶ 3 Claimant concedes that on review in this court the standard used to determine the factual correctness of a compensation order is found in *Parks v. Norman Municipal Hospital*, 1984 OK 53, 684 P.2d 548. That is, the appellate court is to canvas the facts, not with an object of weighing conflicting proof, in order to determine whether of not the tribunal's decision is supported by any competent evidence. The report of Dr. John was submitted to the court and was objected to only by a probative value objection stating that the report contains contradictions, without elaborating what the contradictions were. That report states that the Claimant "had an intervening and superceding injury at home that was unrelated to his work". The probative value of evidence presents a fact question to the trial court, which may accept or reject medical evidence, in whole or in part, as the trial court deems appropriate. See, e.g., *Burns v. Yuba Heat Transfer Corp.*, 1980 OK CIV APP 37, 615 P.2d 1029; *Chas. Pierce Oil Co.*

*v. Merriman,* 1977 OK 128, 567 P.2d 991; *City of Nichols Hills v. Hill,* 1975 OK 39, 534 P.2d 931. No objection was made that this evidence was incompetent and therefore there clearly appears competent evidence supporting the order of the trial judge. Evidence in the record from which the trial court could have reached a different conclusion does not warrant a reversal of the trial court and, as such, is without legal effect in the appellate review process. *Darco Transportation v. Dulen* 1996 OK 50, 922 P.2d 591.

 ¶ 4 Lastly, Claimant states in his brief that the trial judge has forgotten, in ruling on this case, that the Workers' Compensation Act is to be liberally construed in favor of the workers it is intended to benefit, citing *Phillips v. Duke Mfg., Inc.,* 1999 OK 25, 980 P.2d 137. At the outset, it is noted that the cited case states *the act* (the law) is to be liberally construed, not *the evidence,* in this, or any other, case. Liberal construction of the act in favor of those it is supposed to benefit is no substitute for proof or persuasion. Before 1986 claimants were greatly aided in the probative process by the provisions of 85 O.S.1981 § 27 which then operated to shift to the employer the burden of producing evidence upon the critical elements of proof. Since the repeal of § 27, that burden (both of producing evidence and of persuasion) rests entirely on the claimant who must adduce every fact necessary to establish compensability. With the legislative elimination of § 27, no part of that responsibility may now be passed to the employer.

¶ 5 Consequently, Claimant has not shown that the decision of the trial judge is erroneous as a matter of law or is not supported by any competent evidence, and the order of the trial judge is, and must be, SUSTAINED.

JOPLIN, V.C.J., and BUETTNER, J., concur.