2007 OK CIV APP 53

**Jimmy Dale MURPHY, Petitioner,**

v.

**NABORS DRILLING, USA L.P., Zurich American Insurance Company, and The Workers' Compensation Court, Respondents.**

No. 103,438.

Court of Civil Appeals of Oklahoma, Division No. 1.

April 20, 2007.

Gary Morris, Midwest City, OK, for Petitioner.

Greg K. Ballard, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, OK, for

Respondents Nabors Drilling, USA, L.P. and Zurich American Insurance Company.

KENNETH L. BUETTNER, Judge.

¶1 Petitioner Jimmy Dale Murphy seeks review of an order of the Workers' Compensation Court which found Murphy sustained an accidental injury in the course of employment, but denied Murphy's claim for permanent partial disability (PPD) benefits. The trial court found Murphy's work-related injury was a first hernia in his groin. The court concluded the Workers' Compensation Act does not allow permanent partial disability for a first hernia. The record presented does not show a dispute of fact. The issue of law presented is whether the Act, as amended in 2005, now allows an award of PPD for a first hernia. We review questions of law *de novo*. *Ibarra v. Hitch Farms*, 2002 OK 41, ¶ 4, 48 P.3d 802, 803–804. Additionally, the Workers' Compensation Court's interpretation of statutes constitutes a legal ruling subject to *de novo* review. *Johnson v. City of Woodward*, 2001 OK 85, 38 P.3d 218. The trial court correctly held that the statute does not allow an award of PPD for a hernia injury and we sustain the Order.

¶2 Murphy filed his Form 3 February 2, 2006, in which he claimed compensation for a November 4, 2005 single incident left groin injury, incurred while working for Respondent Nabors Drilling (Employer) in Roger Mills County. Employer filed its Form 10 February 28, 2006, in which it agreed Murphy sustained an injury arising out of and in the course of his employment. Employer denied Murphy needed additional temporary total disability (TTD) benefits.

¶3 Murphy later filed his Form 9, in which he sought trial on the issues of his claim for TTD from December 2, 2005 to February 10, 2006, continuing medical treatment, and PPD. Following trial held May 18, 2006, the trial court issued its Order Denying Permanent Partial Disability Benefits. The trial court found Murphy sustained an accidental injury to the groin in the form of a first hernia, which arose out of and in the course of employment. The court held that *85* O.S.Supp.2005 § 22 "(does) not extend benefits for a first hernia to include a claim for

permanent partial disability." The trial court therefore denied Murphy's claim for PPD. The order did not address TTD nor continuing medical treatment.

¶ 4 Murphy's claim in this review proceeding is that, while the Workers' Compensation Act previously did not provide for a PPD award for a first hernia injury, the amendments to the Act, effective at the time of his injury, allow for an award of PPD for a first hernia. Murphy asserts the trial court erred as a matter of law in finding the amendments do not allow PPD for a first hernia.

¶ 5 Section 22 includes the schedule of compensation for work-related injuries. The first two subdivisions of § 22 address compensation for permanent total disability and TTD. Section 22(3) is the schedule of compensation for permanent partial disability. That schedule lists each body part and the number of weeks of PPD awardable for an injury to that body part. The compensation for hernia injuries in § 22 has evolved, but the version in effect immediately prior to the current version provided:

Hernia: In case of an injury resulting in hernia, temporary total compensation for six (6) weeks, and the cost of an operation shall be payable, unless the employee has not been released from active medical treatment, temporary total compensation not to exceed nine (9) weeks, and the cost of an operation shall be payable; provided, in any case where the injured employee has been twice previously operated on for hernia in the same area and it is established by opinion of a competent surgeon that further surgery in the same area will not result in full relief of the condition, the

Court may then award compensation for disability resulting therefrom under paragraph 1 of this section, or, if not totally and permanently disabled, then under the "Other Cases"[1] subdivision following, and, after a second surgical attempt to repair hernia, the injured may not be required to submit to further surgery in an effort to relieve the disability thereafter existing; provided further, the use of any artificial reinforcement or device, with or without surgery, shall not be the basis of reducing extent of disability to be awarded.

That version of the statute therefore allowed for an award of PPD after a second hernia surgery, in certain situations. The current version of the hernia paragraph is shorter. That part of § 22 now provides:

Hernia: In case of an injury resulting in hernia, temporary total compensation for six (6) weeks, and all necessary medical costs including, but not limited to, the cost of an operation shall be payable. A claimant who has had surgery for a hernia may petition the court for one extension of temporary total compensation and the court may order such an extension, not to exceed six (6) additional weeks, if the treating physician indicates such an extension is appropriate, or as agreed to by all parties.

■ ¶ 6 Murphy contends that by omitting the language about a second hernia surgery, the Legislature intended to allow an award of PPD in the case of a first hernia injury. Employer responds that Murphy's argument requires not only interpreting the statute, but also rewriting the statute to add that language.[2]

---

1.  The "other cases" provision which followed the "hernia" section provided:

    Other Cases: In all other classes of disabilities, excluding only those heretofore referred to in this paragraph, which disabilities result in loss of use of any portion of an employee's body, and which disabilities are partial in character but permanent in quality, disability shall mean the percentage of permanent impairment. The compensation ordered paid shall be seventy percent (70%) of the employee's average weekly wage for the number of weeks which the partial disability of the employee bears to five hundred (500) weeks.

2.  Employer also relies on a paragraph in § 22 which is two paragraphs above the hernia provision. That paragraph provides:

    The compensation for the foregoing specific injuries shall be in lieu of all other compensation except the benefits provided in Section 14 of this title and Section 16 of this title.

    We disagree with Employer's reliance on this language for two reasons. First, it expressly addresses only the provisions which precede it in the statute because it limits its application to the foregoing specific injuries. Second, that language has been included in § 22 since at least 1990 and it therefore is not helpful to a determination of the meaning of the amended hernia provision.

¶ 7 We disagree with Murphy's interpretation of the amendment to the hernia provision. The schedule of compensation listed under § 22(3) includes a number of weeks for which PPD compensation (a percentage of the weekly wage) will be paid. The hernia provision does not include a number of weeks for PPD or even a reference to PPD. Instead, hernia injuries are compensated by the specific measure provided: six weeks of compensation at the TTD rate, plus the cost of all medical treatment, including surgery. One additional six week period may be awarded based on medical evidence. The omission of reference to PPD, coupled with the express provision for TTD and medical costs indicates that PPD is not payable for hernia injuries. Our view that the hernia provision does not provide for an award of PPD benefits is supported by the following analysis of the hernia paragraph as a part of § 22:

> As it was originally enacted in 1915, the 'Schedule of Compensation' of our statute (now Sec. 22) made no specific reference to hernia injuries. This section was divided generally into four subsections, each dealing with a different type of disability (permanent total, temporary total, permanent partial and temporary partial). In 1923, a 'hernia' paragraph was added to the third subsection (dealing with permanent partial disability). *Under the 1923 statute, compensation was either for 8 weeks or for permanent total disability—there could be no 'in between' award.* In 1941 the period was changed from 8 weeks to 14 weeks. In 1957 the hernia paragraph was again amended and the 14 weeks compensation for the first time was designated as 'temporary total compensation', although the

paragraph was left in the subsection dealing with permanent partial disability. The 1957 amendment also made it possible for the State Industrial Court, under certain conditions not existing in this case, to make an award for permanent total disability, or for permanent partial disability under the 'other cases' paragraph of Sec. 22(3).

*Fiesta Pools of Oklahoma City v. Pratt,* 1965 OK 133, 405 P.2d 1014, 1018–1019. (Emphasis added). The explanation provided by *Fiesta Pools* indicates that, in the absence of an express provision for PPD awards for hernia injuries, the court may find the claimant either PTD, under § 22(1), or may award the amount of compensation provided by § 22(3). The *Fiesta Pools* analysis also indicates the hernia provision is in the permanent partial disability subsection, even if it does not provide for an award of PPD, only because the hernia provision was left in that part of the statute. This explanation suggests that silence on PPD does not imply an intent to afford PPD simply because the hernia paragraph is included in the § 22(3) PPD schedule.

¶ 8 The prior version of the hernia paragraph allowed for an award of PPD in certain circumstances, particularly after a second hernia surgery. The current version of the hernia paragraph contains no mention of PPD. To interpret the amendment to mean that now PPD may be awarded after only one hernia injury is simply unreasonable. If the Legislature had intended to allow PPD after one hernia injury, as Murphy suggests, it would have deleted the requirement that an award of PPD *follow a second surgery.* The plain language of the applicable statute [3]

3. Statutory construction is unnecessary when the language of the statute is unambiguous. *Johnson, supra.* There the court explained:

> The intent of the legislature controls when interpreting statutes. *Tulsa County Deputy Sheriff's Fraternal Order of Police v. Board of County Commissioners of Tulsa County,* 2000 OK 2, ¶ 10, 995 P.2d 1124, 1125,.... It is presumed that the law-making body has expressed its intent in a statute and that it intended what it so expressed. *TXO Production Corp. v. Okl. Corp. Comm'n,* 1992 OK 39, ¶ 7, 829 P.2d 964, 969. Rules of statutory construction are employed only when legislative

intent cannot be ascertained from the language of a statute, as in cases of ambiguity or conflict with other statutes. *Cooper v. State ex rel. Dep't. of Public Safety,* 1996 OK 49, ¶ 10, 917 P.2d 466, 468.... When legislative intent is expressed clearly in the statute, there is no room for further judicial inquiry. *George E. Failing Co. v. Watkins,* 2000 OK 76, ¶ 8, 14 P.3d 52, 56. "The best evidence of legislative intent is the statutory language itself." *Upton v. State Department of Corrections,* 2000 OK 46, ¶ 6, 9 P.3d 84, 86 (footnote omitted.) In the instant case, statutory construction is unnecessary because the legislature's intent can be

provides that for a hernia injury, the Workers' Compensation Court may award 6 or 12 weeks of TTD plus medical costs.[4]

¶ 9 On *de novo* review, the Workers' Compensation Court's interpretation of the Act is correct as a matter of law.  SUSTAINED.

BELL, J., and JOPLIN, J. (sitting by designation), concur.

ascertained from the plain language of the statutes.
38 P.3d 218 at ¶ 6.

4.  Although not presented by the facts of this case, we note the court may award additional compensation for complications from hernia surgery: We have held that complications arising from a hernia injury are compensable where the claimant has received the maximum amount of benefits allowed for a hernia.  *Fiesta Pools of Oklahoma City v. Pratt*, 1965 OK 133, ¶¶ 28–29, 405 P.2d 1014, 1019.  The Court reasoned that the complications created an additional disability which hindered the claimants ability to work *Id.*
*Phillips v. Duke Mfg., Inc.*, 1999 OK 25, ¶ 11, 980 P.2d 137.