2009 OK CIV APP 58

**NORDAM GROUP, INC., and THE Hartford Insurance Company of the Midwest, Petitioners,**

v.

**John E. BATEY and the Workers' Compensation Court, Respondents.**

No. 106,521.

Court of Civil Appeals of Oklahoma, Division No. 3.

April 16, 2009.

Certiorari Denied June 8, 2009.

Bonita Hyatt, Law Office of Ann Fries, Tulsa, OK, for Petitioners,

J.L. Franks, Raymond Lahann, Frasier, Frasier & Hickman, Tulsa, OK, for Respondents.

CAROL M. HANSEN, Presiding Judge.

¶ 1 Petitioners, Nordam Group, Inc. and Hartford Ins. Co. of the Midwest (collectively Employer), seek review of an order of the Workers' Compensation Court awarding permanent partial disability benefits to Respondent, John E. Batey (Claimant), for an injury resulting in hernia, based upon Claimant having "been twice previously operated" for hernia. We vacate the order, holding the Legislature eliminated permanent partial disability compensation for hernia in the 2005 amendments.

¶ 2 Having endured four previous hernia operations, Claimant suffered additional left and right ventral hernias on May 10, 2007, upon moving an overfilled trash bag while working as a painter for Employer. Employer provided medical treatment and paid temporary total disability benefits. Claimant was released from medical care on April 23, 2008, with a permanent 20–pound lifting restriction, and went back to work for Employer.

¶ 3 Claimant sought benefits for permanent partial disability, arguing he had a permanent anatomical abnormality. Employer objected, arguing the Legislature eliminated language providing permanent partial disability compensation for hernia. The trial court awarded permanent partial disability benefits, stating, "the Court finds that 85 O.S. § 22 allows for a finding of permanent partial disability in the case of a claimant who has been twice previously operated." Employer appeals from that order.

¶ 4 In 2005, the Legislature amended the schedule of compensation for permanent partial disability for hernia in 85 O.S.Supp.2005 § 22(3)(d) to delete language providing permanent partial disability could be awarded

---

**19.** For the text of Rule 7.1, see *supra* note 1.

under the "Other Cases" subdivision of the section in cases "where the injured employee has been twice previously operated for hernia." Laws 2005, 1st Ex.Sess., c. 1, § 20, eff. July 1, 2005. The statute now provides, for injuries occurring on or after January 1, 2003,

> In case of an injury resulting in hernia, temporary total compensation for six (6) weeks, and all necessary medical costs including, but not limited to, the cost of an operation shall be payable. A claimant who has had surgery for a hernia may petition the court for one extension of temporary total compensation and the court may order such an extension, not to exceed six (6) additional weeks, if the treating physician indicates such an extension is appropriate, or as agreed to by all parties.

The 2005 amendment also added a subsection to § 22(3)(d) allowing permanent partial disability benefits for "Soft Tissue Injury," when "there is objective medical evidence of a permanent anatomical abnormality." However, it defines soft tissue injury as "damage to one or more of the tissues that surround bones and joints." The "Other Cases" subdivision provides permanent partial disability compensation for "all other classes of disabilities, excluding only those heretofore referred to in this paragraph."

¶ 5 As a result of the 2005 amendments, Claimant's claim for permanent partial disability compensation is not cognizable under any of these three subdivisions. Such compensation is no longer scheduled under the "Hernia" subdivision. A hernia injury is excluded from compensation under the "Soft Tissue Injury" subsection by the definition of soft tissue, and it is excluded from compensation under the "Other Cases" subsection because hernia is "heretofore referred to" in Section § 22(3)(d). Therefore, it appears the Legislature for some unknown reason intended to take an all-or-nothing approach to permanent disability for hernia, allowing compensation for permanent total disability but not for permanent partial disability. *See Murphy v. Nabors Drilling, USA L.P.*, 2007 OK CIV APP 53, ¶ 7, 162 P.3d 976, 978 ("[I]n the absence of an express provision for PPD awards for hernia injuries, the court may find the claimant either PTD, under § 22(1), or may award the amount of compensation provided by § 22(3).")

¶ 6 Accordingly, the order of the Workers' Compensation Court awarding permanent partial disability for hernia is VACATED.

MITCHELL, C.J., and JOPLIN, J., concur.