**A. R. STEIGER** and Marie N. Steiger,
Plaintiffs in Error,

v.

**CITY NATIONAL BANK OF TULSA,**
Defendant in Error.

No. 40709.

Supreme Court of Oklahoma.

Feb. 14, 1967.

Baker H. Melone, Miller, Melone, Wilson, Adams & Rogers, Oklahoma City, for plaintiffs in error.

Crowe, Boxley, Dunlevy, Thweatt, Swinford & Johnson, Oklahoma City, for defendant in error.

PER CURIAM:

Reference will be made to the parties as they appeared in the court below, wherein plaintiffs in error were defendants and defendant in error was plaintiff.

Superior Products, Inc., hereinafter designated as Superior, and owned wholly by defendants, A. R. Steiger and Marie N. Steiger, was engaged in the sale of household appliances, including television receivers and like articles, to the general public upon conditional sales contracts. On or about November 1, 1960, Superior allegedly executed a Recourse Agreement under the terms of which it agreed to sell to plaintiff contracts covering merchandise it had sold, with the provision that should the conditional vendee default in payments required thereunder, Superior would repurchase the defaulted paper. On the same day, a certain Guaranty Agreement was allegedly executed by A. R. Steiger and Marie Steiger as individuals, guaranteeing performance of the terms of the Recourse Agreement.

In its original petition, plaintiff alleged that default had occurred in payment under such contracts; that demand had been made of Superior to repurchase the delinquent contracts and that Superior had refused to do so; and that plaintiff was entitled to judgment against the Steigers for the unpaid balance owing upon such contracts. Subsequently, plaintiff amended its petition to show that since filing of its suit, certain conditional vendees either filed actions to rescind such contracts or placed their claims against plaintiff in the hands of an attorney who alleged fraud in the procurement of such contracts; that plaintiff was faced with a multiplicity of suits wherein its defense was questionable and the expense of defending the same was prohibitive and out of proportion to the amount involved; that in order to avoid further loss plaintiff compromised and settled the claims for a total loss of $15,212.93; and plaintiff further asked judgment for an amount covering expense of negotiating and selling said contracts and for attorneys' fees.

Defendants filed an unverified general denial which was later permitted to be verified by the trial court.

At the conclusion of the evidence, the trial court directed the jury to return a verdict for the plaintiff in the sum of $15,212.-93. Judgment was entered upon such verdict and defendants have appealed from the order overruling their motion for a new trial.

Ordinarily, the granting or denial of a motion for new trial is addressed to the sound discretion of the trial court, and the trial court's action will not be disturbed on appeal unless it clearly appears that the court erred in some pure, simple and unmixed question of law, or acted arbitrarily or capriciously. Thompson v. Chamblee, 206 Okl. 602, 245 P.2d 716.

The seriousness of the assertions by defendants that they did not receive a fair trial compels us to examine with great care the record of proceedings in the trial court. The right to a fair and impartial trial being inherent in our American system of jurisprudence, the question cannot always be determined by reference to general rules. The particular facts and circumstances of each case must be scrutinized when denial or violation of this right is asserted.

We do not consider it necessary to review here the evidence introduced by the parties at the trial. Suffice it to say it is apparent to us from the record that defendants executed the instruments sued upon; there was nothing to submit to the jury; and the trial court properly directed a verdict for the plaintiff.

Defendants contend that their former attorney did not properly represent them and prevented them from having a fair trial.

■ The record before us does not show neglect on the part of that attorney, and we are committed to the rule that if neglect is shown on the part of an attorney, his neglect is imputed to the client. Lindsey v. Goodman, 57 Okl. 408, 157 P. 344; Wynn v. Frost, 6 Okl. 89, 50 P. 184; Sautbine v. Jones, 161 Okl. 292, 18 P.2d 871.

Prior to hearing on the motion for new trial, it is shown by the record that the defendants had been confronted with, and disposed of, either by trial or settlement, some thirty-seven legal actions, two of which involved recourse and guaranty agreements of the defendants. It cannot be said the defendants were unaware of these matters nor that they were unaware of the issues in the present case. They understood clearly, or should have understood, the exact nature of this case. We are compelled to say, from all the facts and circumstances revealed by the record, the defendants received a fair and impartial trial.

Defendants concede in their brief that "the record of the original trial in this case discloses that considering the state of the pleadings, the trial court did everything possible at the time of the trial to afford Mr. and Mrs. Steiger an opportunity to present their defenses and to see that they received a fair trial." Defendants then assert "the facts brought to the trial court's attention since that time, however, in the hearing on defendants' Motions and Petition for New Trial, disclose that Mr. and Mrs. Steiger not only failed to receive a fair trial, but had no opportunity whatsoever to present any defense they may have had to the plaintiff's claim."

■ Principally, the contention of defendants concerning matters occuring after the trial deals with the alleged discovery by them that they actually did not sign the recourse and guaranty agreements.

In Manos v. Leche, 205 Okl. 213, 236 P.2d 693, we held:

"In order for a party to be entitled to a new trial on the ground of newly discovered evidence one of the essential requirements is that it must be shown that, with reasonable diligence, movant could not have discovered the evidence relied upon in time to produce it at the trial of the cause."

The memorandum prepared and filed in the case by the trial judge succinctly presents the question as follows:

"Motions for new trial were filed and same presented January 8th and 9, 1963, on the ground of newly discovered evidence. Defendant Steiger, at the trial, admitted that he had signed the instruments sued on, and that his wife had signed them and did not deny the amounts claimed by the plaintiff. Mrs. Steiger admitted signing the paper guaranteeing payment. No specific defense was pled. During the trial the defendants, by their attorney, asked and were given permission to verify the general denial, though this was not actually done. On the motions for a new trial defendants contended, in effect, that their signatures on the contracts sued on were not signed by them, that they were mistaken when they so testified at the trial. His testimony as to this is not at all positive, though he had signed similar guarantees under similar circumstances to other Banks. Other evidence at this hearing confirms his testimony at the original trial."

■ Copies of the Recourse Agreement and the Guaranty Agreement bearing the signatures of the defendants were on file in the trial court as attachments to the petition from May 22, 1961 until April 16, 1962.

We think the defendants had ample opportunity prior to the trial to discover that the Recourse and Guaranty Agreements either had or had not been signed by them.

We have held that a trial court does not err in overruling motion for new trial based upon newly discovered evidence where it clearly appears that movant had

full opportunity to obtain and present such evidence at the trial. Douthit v. Scott, 195 Okl. 70, 155 P.2d 538.

It appears from the testimony at the trial that the defendants were thoroughly familiar with the uses and purposes of recourse and guaranty agreements. Admittedly, they had executed similar agreements with other banks.

If the agreements in the instant case had not been executed by the defendants, such a departure from ordinary custom should have been glaringly apparent to them upon the filing of this action against them.

In our opinion, the trial court did not err in refusing to grant defendants a new trial.

For the first time, in the reply brief of defendants, the contention is made that the trial court should have submitted to the jury the issue of the bank's conduct in cancelling the principal obligations, thereby allegedly releasing the Steigers and the issue of the legality of the bank's conducting a private sale of pledged property.

We are unable to find that these matters were properly presented in the trial proceedings or in the motions for new trial.

Issues not properly presented to trial court cannot be considered by this Court on appeal. Sand Springs Ry. Co. v. Piggee, 196 Okl. 136, 163 P.2d 545.

The judgment is affirmed.

All the Justices concur.

The Court acknowledges the services of JAMES BOUNDS, who with the aid and counsel of VESTER SONGER and LON KILE, as Special Masters, prepared a preliminary advisory opinion. These attorneys had been recommended by the Oklahoma Bar Association and appointed by the Court. The Chief Justice then assigned the case to Vice Chief Justice IRWIN, for review and study, after which and upon consideration by the Court, the foregoing opinion was adopted.