2005 OK CIV APP 108

**Teresa K. RICHARD and Attorney Ronald "Skip" Kelly, Plaintiffs/Appellants,**

v.

**OU PHYSICIANS; Professional Medical Center; PTS Healthcare Inc.; HCA Health Services of Oklahoma, Inc., d/b/a OU Medical Center; Nydic Open MRI of Oklahoma City, Defendants/Appellees,**

and

**Safeco Insurance Company of America, Intervenor.**

**No. 100,393.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Sept. 23, 2005.

Certiorari Denied Dec. 12, 2005.

Ronald "Skip" Kelly, Oklahoma City, OK, for Plaintiffs/Appellants.

Roger M. Coil, Works & Lentz, Inc., Oklahoma City, OK, for OU Physicians.

OPINION

ADAMS, Presiding Judge.

¶ 1 Plaintiffs Teresa Richard and her attorney, Ronald "Skip" Kelly, appeal a trial court order which allowed OU Physicians and PTS Healthcare, Inc., to enforce physician's liens against the proceeds of payment she received from her uninsured motorist insurance carrier as a result of an automobile accident. Because we conclude that the unambiguous terms of 42 O.S.2001 § 46(B), the statute governing a physician's lien, provides for such enforcement, we affirm.

¶ 2 Ms. Richard was severely injured in an automobile accident and incurred liability for medical treatment to the various Appellees/Defendants. She retained Attorney Kelly to represent her in a claim against the tortfeasor she contended caused the accident and her injuries. HCA Health Services of Oklahoma, Inc., d/b/a OU Medical Center (OUMC) filed a hospital lien under 42 O.S. 2001 § 43, and the remaining Defendants filed physician's liens under § 46(B). Safeco Insurance Company of America, the tortfeasor's liability insurance carrier, paid its policy limits of $25,000 in a check made payable jointly to Plaintiffs (the Safeco proceeds). In addition, State Farm, her uninsured motorist insurance carrier, paid its policy limits of $125,000 (the UM proceeds).

¶ 3 Plaintiffs commenced this action to obtain an order from the court determining how the Safeco proceeds should be distributed, apparently believing that none of the defendants were entitled to any of the UM proceeds. OU Physicians and PTS Healthcare asserted a right to a portion of the UM proceeds. Safeco intervened and was ultimately dismissed. After a hearing, the trial court concluded OUMC should receive all of the Safeco proceeds in satisfaction of its hospital lien, that Kelly's attorney's fee of $50,000 should be paid first from the UM proceeds, with OU Physicians and PTS Healthcare also to receive payment from those same proceeds, and that the balance should be paid to Ms. Richard.[1]

---

1. Professional Medical Center and NYDIC Open MRI did not appear at the hearing and received nothing.

¶ 4 Plaintiffs make two arguments for reversal, but only one is properly preserved for review. For the first time on appeal, they argue the liens were not properly perfected because they did not name State Farm as an insurer. Based on the appellate record, this issue was never raised in the trial court, and we may not consider it. *Steiger v. City National Bank of Tulsa*, 1967 OK 41, 424 P.2d 69.[2]

¶ 5 In their remaining argument, Plaintiffs contend we should apply the reasoning of *Kratz v. Kratz*, 1995 OK 63, 905 P.2d 753, and conclude that a physician's lien, like a hospital lien, cannot attach to proceeds of an uninsured motorist insurance policy. *Kratz* involved a hospital lien governed by the provisions of 42 O.S.2001 § 43.[3] Focusing on the language "claim against another for damages" as the asset against which the lien could be asserted, the Court ruled that proceeds of an uninsured or underinsured motorist insurance policy, which the Court characterized as a contractual recovery, were not subject to the hospital lien allowed by § 43.

¶ 6 The physician's liens claimed by OU Physicians and PTS Healthcare are not authorized by § 43, but by 42 O.S.2001 § 46.[4] Section 46(A) contains essentially identical provisions for the benefit of physicians who provide medical services as those in § 43 which benefit hospitals. However, § 46(B) authorizes a lien when an injured patient asserts a "claim against an *insurer*," which is "in addition to the lien provided for in [§ 46(A) ]."

¶ 7 Our goal in applying § 46(B) is to ascertain and follow the Legislature's intent. *Phillips v. Duke Manufacturing, Inc.*, 1999 OK 25, 980 P.2d 137. In determining that intent, our yardstick is the language of the statute, when given its plain and ordinary meaning. Where that language plainly expresses the intent so that the statute is clear, there is no room for judicial construction. *Community Bankers Association v. Oklahoma State Banking Board*, 1999 OK 24, 979 P.2d 751.

¶ 8 Moreover, if a physician's lien is to be treated the same as a hospital lien, as Plaintiffs argue, the Legislature had no reason to adopt § 46(B) because § 46(A) authorized a physician's lien with the same attributes as those accorded a hospital lien under § 43. We will not assume the Legislature acted in vain.

¶ 9 The UM proceeds are the result of Ms. Richard's claim against State Farm, *an in-*

---

2. OU Physicians noted the absence of any record of this issue being raised in the trial court in its Answer Brief. Plaintiffs did not file a Reply Brief, and therefore have not attempted to demonstrate this issue was presented to the trial court or that it constitutes fundamental error.

3. This section provides, in pertinent part:

Every hospital in the State of Oklahoma, which shall furnish emergency medical or other service to any patient injured by reason of an accident not covered by the Workers' Compensation Act, shall, if such injured party shall assert or maintain a *claim against another for damages* on account of such injuries, have a lien upon that part going or belonging to such patient of any recovery or sum had or collected or to be collected by such patient, or by his heirs, personal representatives or next of kin in the case of his death, whether by judgment or by settlement or compromise to the amount of the reasonable and necessary charges of such hospital for the treatment, care and maintenance of such patient in such hospital up to the date of payment of such damages. (Emphasis added).

4. This section provides, in pertinent part:

A. Every physician who performs medical services for any person injured as a result of the negligence or act of another, shall, if the injured person asserts or maintains a claim against such other person for damages on account of such injuries, have a lien for the amount due for such medical services upon that part going or belonging to the injured person of any recovery or sum had or collected or to be collected by the injured person, or by his heirs, personal representative, or next of kin in the event of his death, whether by judgment, settlement, or compromise. Such lien shall be inferior to any lien or claim of any attorney handling the claim for or on behalf of the injured person. The lien shall not be applied or considered valid against any claim for amounts due pursuant to the provisions of Title 85 of the Oklahoma Statutes.

B. In addition to the lien provided for in subsection A of this section, every physician who performs medical services for any person injured as a result of the negligence or act of another, shall have, if the injured person asserts or maintains a *claim against an insurer*, a lien for the amount due for such medical services upon any monies payable by the insurer to the injured person. (Emphasis added.)

*surer.* By the express terms of § 46(B), the physician's liens apply to those proceeds. The trial court's judgment is affirmed.

AFFIRMED.

MITCHELL, J., concurs.

BELL, J., concurring in part, dissenting in part:

I concur that the issue of notice was not preserved for review. I dissent to the remainder of the opinion.