2005 OK CIV APP 87

**Vera J. INGRAM, now Elrod, Plaintiff/Appellee,**

v.

**Randall M. INGRAM, Defendant/Appellant.**

**No. 100,040.**

Court of Civil Appeals of Oklahoma, Division No. 4.

Oct. 18, 2005.

---

Appeal from the District Court of Pottawatomie County, Oklahoma;  Honorable John D. Gardner, Trial Judge.

W.S. Haselwood, Shawnee, OK, for Plaintiff/Appellee.

Robert N. McIlroy, Norman, OK, for Defendant/Appellant.

Opinion by KEITH RAPP, Vice Chief Judge.

¶1 The defendant, Randall M. Ingram (Husband), appeals an order overruling his motion for new trial in a divorce action brought by the plaintiff, Vera J. Ingram, now Elrod (Wife).

## BACKGROUND

¶2 When the case came to trial the trial court, for reasons unknown, announced that the parties would be limited to two-hundred fifty minutes, divided equally, for their entire presentation, including objections, arguments, and evidence. Husband objected to the procedure. Wife did not object. The issues in the case before the trial court included property division and debt responsibility, alimony, child custody, and child visitation.

¶3 Husband's motion for new trial presented two issues. First, he alleged that, by limiting the time for trial to 250 minutes, divided equally, the trial court denied him a fair trial and due process of law. For his second specification of error, he alleged that the property division was partly flawed, but without specification as to particulars.[1] Husband's arguments at the hearing on his motion for new trial focused on the time limitation and mentioned the issues involving some of the items of real property. His Brief here also focused on the time limitation issue.

¶4 At trial, Wife testified and also called seven witnesses. Six of Wife's witnesses' testimony concerned children's issues and, because custody, visitation, and child support issues have not been preserved for review, this evidence will not be summarized. The remaining witness was a notary to testify to the parties' signatures on a deed, but Husband stipulated to his signature. Wife introduced 120 exhibits in her allotted time of 125 minutes.

¶5 Husband testified and called four witnesses. These witnesses testified positively for Husband as to children's issues, so their testimony is likewise not reviewed here. Husband's testimony was presented at the end of his case. He responded to approximately twenty-four questions before his time limit set by the trial court expired. The trial court did not grant additional time to complete his testimony. All but two or three of the questions and answers dealt with children's issues.

¶6 In addition, Husband presented an exhibit showing his proposed division of property and one of his answers referenced certain property he wished to have awarded to him. In response to questions on cross-examination, Husband elaborated upon his positions that Wife had diverted assets, his complaint about certain property evaluations, his complaint about the nature and quality of Wife's proposed property division, and debt assignment.

¶7 After deliberation, the trial court rendered a judgment for divorce with the attendant provisions for property division, debt assignment, children custody, visitation and support, and alimony. Husband's motion for new trial was overruled. Husband appeals.

## STANDARD OF REVIEW

¶8 Ordinarily, the granting or denial of a motion for a new trial is addressed to the sound discretion of the trial court, and the trial court's action will not be disturbed on appeal unless it clearly appears that the court erred in some pure, simple and unmixed question of law, or acted arbitrarily or capriciously. Normally, as a general rule, every presumption is and should be indulged in favor of the trial court's ruling on appeal. *Bennett v. Hall*, 1967 OK 122, ¶5, 431 P.2d 339, 340–41. "The term 'discretion' denotes the absence of a hard and fast rule and, when it is invoked as a guide to judicial action, means 'sound discretion'; this is held to

---

1. Record, p. 107.

mean a discretion not exercised willfully or arbitrarily, but with a regard to what is right and equitable under the circumstances." *Osborne v. Mollman Water Conditioning, Inc.,* 2003 OK CIV APP 20, ¶ 19, 65 P.3d 632, 637. Similarly, the conduct of a trial is a matter of the sound discretion of the trial court, and in absence of abuse of that discretion, the trial court's ruling will not be disturbed. *Nail By and Through Nail v. Oklahoma Children's Mem. Hosp.,* 1985 OK 101, ¶ 14, 710 P.2d 755, 760.

¶ 9 The seriousness of the assertions by defendants that they did not receive a fair trial requires this Court to examine with great care the record of proceedings in the trial court. The right to a fair and impartial trial is inherent in our American system of jurisprudence, so the question cannot always be determined by reference to general rules. The particular facts and circumstances of each case must be scrutinized when denial or violation of this right is asserted. *Steiger v. City National Bank of Tulsa,* 1967 OK 41, 424 P.2d 69. Ordinarily, issues not properly presented to the trial court or preserved in the motion for new trial cannot be reviewed on appeal. 12 O.S.2001, § 991(b); *Steiger,* syl. 3.

## ANALYSIS AND REVIEW

¶ 10 The circumstances of this case invite a two-level review process. The first inquiry on review examines whether the trial court's act of limiting the time constitutes fundamental error. Next, absent a determination of fundamental error, the review examines whether under all the circumstances, the trial court abused its discretion.

¶ 11 First, in *Meadows v. Meadows,* 1980 OK 158, ¶ 7, 619 P.2d 598, 601, the Oklahoma Supreme Court stated:

The term "fundamental error" is not subject to precise definition. Generally, fundamental error is error which renders a judgment void. The due process guaranty of the constitution requires, among other things, notice, the right to be heard before a fair and impartial tribunal and the right to confront witnesses, and before a party's due process rights are violated, it must be shown that the action or error was arbi-

trary, oppressive and shocking to the conscience of the court.

¶ 12 Moreover, the appellate court guards against fundamental error. "Fundamental error compromises the integrity of the proceeding to such a degree that the error has a substantial effect on the rights of one or more of the parties.... Though such an error may not be properly raised before the court, if the matter is 'so absolutely vital' the appellate court is at 'liberty to correct it.'" *Sullivan v. Forty–Second West,* 1998 OK 48, ¶ 7, 961 P.2d 801, 802 (citations omitted).

¶ 13 Both parties agree to two general principles. First, a trial judge is primarily responsible for the just outcome of a trial. Second, it is the duty of the trial judge to see that each party is made secure in his rights and that neither is permitted an undue or unfair advantage over the other. *Gulf, C. & S.F. Ry. Co. v. Smith,* 1954 OK 145, 270 P.2d 629, syl. 1, 2. At the same time, the trial judge has great latitude concerning the conduct of the trial, and the trial judge's conduct of a trial is generally reviewed under the abuse of discretion standard. *See Andrews v. Independent Sch. Dist. No. 57,* 2000 OK CIV APP 103, ¶ 13, 12 P.3d 491, 495.

¶ 14 The authorities all include an outcome component in the fundamental error analysis. Here, Husband's argument concentrates on the first principle, the trial court's responsibility. In most respects, Husband has failed, in this matter, to show how the outcome was affected. This failing is demonstrated as follows.

¶ 15 A major part of the trial was devoted to issues involving the care and custody of the children and the fitness of the parents. In his Brief, Husband lists children's issues as among the issues adversely affected. However, Husband did not list children's issues in his motion for new trial or petition in error. During the arguments on the motion for new trial, Husband's counsel mentions as one issue supervised visitation. However, neither here nor before the trial court has Husband shown by specific reference to evidence, or witnesses not presented due to time limits, what evidence was not brought

forth and how such possibly omitted evidence could affect the outcome as to the provisions for the children. Further, it should be noted that this could have been accomplished by an offer of proof which was not done.

¶ 16 Next, Husband's motion for new trial recites that only a part of the property division is flawed.[2] Husband's Brief does not elaborate upon the specifics of how the property division is flawed, but his argument on the motion for new trial discusses a 30–acre tract and failure to account properly for the debt due on the tract. In addition, there was discussion about a house and 20 additional acres and his contentions about value, debt transactions, and title.

¶ 17 However, this Court is unable to correlate his motion for new trial arguments with the court's memorandum decision dividing property or the final journal entry based in part on the trial court's stopping the Husband's testimony upon the clock running as to his allotted time. Hence, the record is questionably insufficient for the purposes of determining whether fundamental error has occurred in the outcome component here. However, this will be reviewed in a later part of this Opinion.

¶ 18 The second part of the review is whether the trial court abused its discretion concerning conduct of the trial by imposing rigid time limits. The issue arises in several contexts, but the overriding principle is that parties in litigation are entitled to a meaningful and full opportunity to be heard, so rigid time limits are disfavored. *Brown v. U.S. Fidelity & Guar. Co.,* 194 Ariz. 85, 977 P.2d 807, 812–13 (Ct.App.1998). This Court recognizes the fact that a trial judge does control the conduct of the case and because of this, this Court is reluctant to rule that the trial court's imposition of time limits is itself fundamental error except in the most egregious of circumstances. A trial court has the duty to afford a litigant sufficient time to make an orderly presentation of his or her case, including the case-in-chief and cross-

examination. *In re Marriage of Glenn,* 18 Kan.App.2d 603, 856 P.2d 1348 (1993). Crowded dockets and administrative efficiency do not serve as excuses to deprive the litigants of their day in court. *Id.* at 1351; *see In re Marriage of Finer,* 893 P.2d 1381, 1389 (Colo.Ct.App.1995). Finally, the exercise of a trial court's discretion to impose time limitations should be done according to general guidelines so as to avoid arbitrary and surprise procedures. *Goodwin v. Goodwin,* 618 So.2d 579, 583 (La.Ct.App.1993).

¶ 19 Here, several factors lead to the conclusion that the trial court not only abused its discretion but also committed fundamental error in this case. Notwithstanding such conclusion, Husband must also show some harm as a result of the court's time limitations. *Brown,* 977 P.2d at 813. As discussed above, and following, Husband's showing of prejudice is limited under the appellate record.

¶ 20 Indications from unrefuted comments by the trial court at the new trial motion hearing are that the parties represented that the case could be tried in one day and did not want to continue the case because of its prior history. The trial court appeared to recognize that one day would be allowed and then, because of other docket matters, proceeded to arbitrarily reduce the time to the allotted 250 minutes, equally divided between the parties. The record is silent regarding whether the next day, or for that matter a longer day or even continued to another day, could have resolved the time issue. The record also shows that no pretrial was held, although hearings on preliminary matters had been held during the long pendency of the case. Neither party had prior notice of the trial court's intent to impose compressed time limits. The trial court does not appear to have acted under any preexisting court rule or established guidelines, thereby creating the appearance of arbitrary action.[3]

---

2. Only by giving the petition in error a generous interpretation may the property division assertion of error be considered as having been presented there. *See State ex rel. Jones v. Baggett,* 1999 OK 68, 990 P.2d 235 n. 5.

3. The trial court's usage of a chess clock to monitor time allotted the parties is discouraged as an arbitrary exercise of power and giving the appearance of abuse of judicial prerogatives.

¶ 21 The trial record shows that Husband's time expired while he was on the stand to testify at which time the trial court stopped further testimony depriving the trier of fact of potentially useful evidence in reaching an impartial decision. Husband's new trial presentation points to issues concerning specific items of real property that he was unable to present. Thus, Husband demonstrated prejudice in the hearing of the motion for new trial.[4]

¶ 22 This Court holds that the trial court abused its discretion under the facts here and committed fundamental error. This holding necessitates a complete reversal and setting aside of the judgment below.

¶ 23 Therefore, this Court further holds that the trial court, on remand, shall conduct a new trial without the restrictions imposed by the trial court as to time and shall conduct a pretrial hearing.

¶ 24 *For guidance in future cases*, this Court holds that the following, non-exclusive factors, taken directly from *Goodwin,* should be followed when trial courts determine that specific time limits need to be imposed.

(1) The court may rely on any statute dealing with exclusion of otherwise relevant evidence where probative value is substantially outweighed by considerations of undue delay or waste of time, as well as statute requiring proceedings to be conducted in expeditious manner so that justice is done;

(2) The court should thoroughly familiarize itself with the case through pretrial proceedings before imposing limitations, should require litigants to estimate length of their cases and, if necessary, amount of time for each witness;[5]

(3) Time limits should normally be imposed on all parties, before any party presents any evidence, and sufficiently in advance of trial for litigants to prepare for trial within limits imposed, although a court may impose limits after trial has begun if it becomes apparent that they have become necessary;

(4) The trial court should inform parties before trial begins that reasonable extensions of limits will be granted for good cause shown;

(5) The court should develop an equitable method of charging time against each litigant's time limits; and,

(6) The trial court should put all rulings regarding time limits and reasons for them on the record. The Guidelines are not exclusive and do not cover all contingencies, and a court should also use its common sense and sound. discretion to ensure that relevant, admissible, noncumulative evidence is presented in timely fashion so that justice is done.

*Goodwin,* 618 So.2d at 583–84.

¶ 25 In addition to the foregoing, attorneys have a role in court time management. Thus, attorneys must utilize court time in a reasonable and expeditious manner. Attorneys must cooperate with the court in establishing reasonable time limits for presentation of cases and issues and failure to do so is a breach of an attorney's obligation as an officer of the court.

¶ 26 The judgment of the court is reversed and remanded for further proceedings consistent with this Opinion.

¶ 27 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

GOODMAN, P.J., and STUBBLEFIELD, J., concur.

---

4. Tr., Motion for New Trial, pp. 5–8. Husband mentioned his contribution to Wife's professional training, but he has not preserved any consideration of whether this constitutes "property" subject to division or whether this item was properly treated by the trial court.

5. Pursuant to Rule 5, Rules For District Courts, pretrial conferences are required in all but a few instances in civil actions. It is unnecessary at this time to rule whether the mandatory language in Rule 5 requires a pretrial in nonjury divorce actions. Scheduling conferences are another source of developing information concerning time for trial. Written requests for a trial or hearing setting can be adapted to include a time estimate.