2007 OK CIV APP 100

**PTS HEALTHCARE, INC. d/b/a PTS Healthcare, Plaintiff/Appellant,**

and

**Dr. Rob Rowe, Inc. d/b/a Central Oklahoma Wellness Clinic, Plaintiff,**

v.

**MID–CENTURY INSURANCE COMPANY, an insurance company doing business in the State of Oklahoma, Defendant/Appellee.**

No. 104,034.

Court of Civil Appeals of Oklahoma, Division No. 2.

Sept. 26, 2007.

Elizabeth R. Sharrock, Pierce Couch Hendrickson Baysinger & Green, LLP, Oklahoma City, OK, for Plaintiff/Appellant.

Sarah M. Jernigan, Jack S. Dawson, Miller Dollarhide, Oklahoma City, OK, for Defendant/Appellee.

JOHN F. FISCHER, Presiding Judge.

¶1 Appellant PTS Healthcare, Inc., appeals from the Trial Court's order sustaining Appellee Mid–Century Insurance Company's motion for summary judgment. This appeal is assigned to the accelerated docket pursuant to Oklahoma Supreme Court Rule 1.36, 12 O.S. Supp.2003, ch. 15, app. 1. Based on our review of the record on appeal and applicable law, we affirm.

## BACKGROUND FACTS

¶2 On April 3, 2001, Ashley Moss sustained physical injuries in an automobile accident. Moss received physical therapy treatment from PTS for injuries sustained in the accident. On April 19, 2004, PTS filed a physician's lien pursuant to 42 O.S.2001 § 46 for the treatment provided Moss in the amount of $1,346.50. Eventually Moss settled her personal injury claim and the settlement funds were paid by Mid–Century. However, Mid–Century did not pay PTS the amount of its lien.

¶3 On November 8, 2005, PTS sued Mid–Century,[1] to collect its unsatisfied lien. Mid–Century moved for summary judgment, arguing that PTS's lien was not a valid physician's lien because PTS was not a "physician" as required by the plain language of the statute. In a Journal Entry of Judgment filed on October 24, 2006, the Trial Court granted Mid–Century's motion for summary judgment. PTS appeals.[2]

## STANDARD OF REVIEW

¶4 We review a trial court's grant of summary judgment *de novo*. *Carmichael v. Beller*, 1996 OK 48, ¶2, 914 P.2d 1051, 1053. On review, we examine the pleadings and evidentiary materials submitted by the parties to determine whether there exists a genuine issue of material fact. *Id.* We view all evidentiary materials in the light most favorable to the nonmoving party. *Id.*

## DISCUSSION

¶5 Title 59 O.S. Supp.2003 § 887.17 (amended effective No. 1, 2005) provides that any person licensed as a physical therapist "shall treat human ailments by physical therapy only under the referral of a person licensed as a physician...." Title 42 O.S.2001 § 46(A) provides, "Every physician who performs medical services for any person injured as a result of the negligence or act of another, shall ... have a lien for the amount due for such medical services...." The term "physician" is not defined in section 46. However, 59 O.S.2001 § 725.2(A) (amended effective July 1, 2004) defines a "doctor" as a person licensed to practice podiatry, chiropractic, dentistry, medicine and surgery, optometry, osteopathy or a person licensed as a health service psychologist. Section 725.2(C) further provides, "Unless otherwise specifi-

1. Central Oklahoma filed a physician's lien for the treatment of Ashley Moss in Oklahoma County for $6,980. On August 21, 2006, Central Oklahoma dismissed with prejudice all claims against Mid–Century in this action and, therefore, is not a party to this appeal.

2. On January 15, 2007, PTS filed, as a supplement to the record on appeal, the Trial Court's January 17, 2007, order granting Mid–Century $2,692 in attorney fees and costs. On February 2, 2007, Mid–Century filed a document titled "Response To Amended Petition In Error." It appears that Mid–Century produced this document in response to PTS's amended petition in error, which sought review of the attorney fees award. However, neither an amended petition in error nor any document appealing the award of attorney fees has been filed of record with this court. We, therefore, will not consider the attorney fee issue. *See* Okla. Sup.Ct. R. 1.22(d), 12 O.S.2001, ch. 15, app. 1.

cally provided in a particular section or chapter of the Oklahoma Statutes, the word 'physician' or 'physicians' shall mean and include each of the classes of persons listed in paragraphs 1 through 6 of subsection A of this section."

¶ 6 Mid–Century does not argue, and we are not concerned in this appeal, with whether the physical therapy services provided to Moss by PTS constitute "medical services" as that term is used in section 46. If the same services were performed by a physician, the clear language of the statute would grant the physician a lien to secure payment for those services. Likewise, if those physical therapy services were performed by an employee of the physician, the physician could, as is customary, include in the lien services performed at the direction of the physician by the employees of the physician. The dispositive language is, however, in the second word of the statute: "Every *physician*. ..."

¶ 7 Mid–Century argues that PTS's lien is not valid because physical therapists are not "physicians" as contemplated by that statute. In its response to Mid–Century's motion for summary judgment, PTS admitted that, at the time it provided physical therapy to Moss, it was not licensed to practice any of the medical disciplines defined by 59 O.S. 2001 § 725.2 as the practice of a physician, and it did not employ any person who was so licensed. Further, PTS has not directed this Court to any other "particular section or chapter of the Oklahoma Statutes" that defines a "physician" to include a physical therapist.

¶ 8 PTS is, therefore, in the unenviable position of only being permitted to provide physical therapy services if those services are ordered by a physician and only being able to file a section 46 lien to recover payment for those services if the physical therapist is employed by a physician. The dissent's solution to this case would certainly resolve this and other seemingly unjust results. Nonetheless, we deal here with a lien remedy created by a specific statute.

¶ 9 As the Supreme Court held in *Broadway Clinic v. Liberty Mut. Ins. Co.*:

A statutory lien such as that accorded by § 46 to a physician stands in derogation of the common law. As a remedial device that owes its existence to a legislative enactment, the text of the physician's lien statute is the measure of both the right and remedy it creates. A statutory lien must be strictly confined within the ambit of legislation giving it birth.

2006 OK 29, ¶ 14, 139 P.3d 873, 877.

We hold, therefore, that because PTS is not a "physician" as that term is defined by Oklahoma statutes and because the express terms of the statute limit the availability of section 46 liens to "physicians," that statute is not available to PTS.

¶ 10 PTS argues in the alternative that it is entitled to a physician's lien because it has recovered such liens in the past. Specifically, PTS directs our attention to *Richard v. OU Physicians*, 2005 OK CIV APP 108, 127 P.3d 618, a case wherein it successfully enforced a physician's lien. However, the sole issue decided by the *Richard* Court was whether *Kratz v. Kratz*, 1995 OK 63, 905 P.2d 753 (holding that hospital liens created pursuant to section 43 did not attach to the proceeds of uninsured motorists insurance policies), should be applied to physician liens created pursuant to section 46. Finding the language of the two statutes materially different, the Court held: "By the express terms of § 46(B), the physician's liens apply to [UM] proceeds."

¶ 11 We recognize that *Richard* affirmed a trial court's order permitting OU Physicians and PTS to enforce their liens against the proceeds of an uninsured motorists insurance policy. Beyond the result, however, we find nothing in the *Richard* opinion indicating that any court considered, much less decided, that PTS was a "physician" for purposes of section 46.

■ ¶ 12 Presumably, PTS relies in this appeal on the language of the *Richard* opinion that states: "The physician's liens claimed by OU Physicians and PTS Healthcare are not authorized by § 43, but by 42 O.S.2001 § 46." *Richard*, 2005 OK CIV APP 108 at ¶ 6, 127 P.3d 618, 620. We do not, as PTS would have us, read this language to hold that PTS is "authorized" to file liens

pursuant to section 46 in the circumstances presented in this case. "Statements in a decision neither necessary to support the conclusion reached nor applicable to the situation are dictum, and not in any way controlling." *Am. Trailers, Inc. v. Walker*, 1974 OK 89, ¶ 18, 526 P.2d 1150, 1154. Because *Richard* did not decide the validity of PTS's lien, its holding that physician liens, validly created pursuant to section 46, may be satisfied from uninsured motorist proceeds has no application to the issue before this Court.

 ¶ 13 Finally, PTS argues that it is a third-party beneficiary of a settlement agreement between Moss and her tortfeasor. In a separate action between Moss and the tortfeasor, the parties reached a settlement resulting in a dismissal of the suit. The pertinent language in the settlement agreement provides:

It is further understood and agreed by [Moss], and her counsel, that to the extent that net payment to plaintiff is subject to any medical liens, all such liens of any and all health care providers, governmental agency, including but not limited to Medicare, Medicaid, Bureau of Indian Affairs, United States military, or other services provided by persons who may or can assert a lien for medical treatment and/or services, shall be paid out of the proceeds of this settlement, and the undersigned, and her counsel, agree to indemnify and hold harmless, including costs and attorney's fees [the relevant defendants].

Essential to PTS's theory is the language of the settlement agreement, which authorizes payment "out of the [settlement] proceeds" to anyone who "can assert a lien." Because we hold that PTS cannot assert a lien pursuant to section 46 and the record on appeal contains no evidence that PTS has filed a separate, valid, medical lien pursuant to any other statute, the express terms of the settlement agreement establish that PTS is not a third-party beneficiary of its provisions.[3]

**CONCLUSION**

¶ 14 The language of 42 O.S.2001 § 46 authorizes physicians and only physicians to file a lien for medical services. PTS is not a physician and, therefore, the provisions of section 46 are not available to it. Therefore, the Trial Court did not err in granting summary judgment to Mid–Century in PTS's efforts to enforce a lien pursuant to 42 O.S. 2001 § 46 for physical therapy services provided to Moss. Further, the Trial Court correctly held that PTS was not a third-party beneficiary of Moss's settlement agreement. We, therefore, affirm the decision of the Trial Court sustaining Mid–Century's motion for summary judgment.

¶ 15 **AFFIRMED.**

WISEMAN, J., concurs, and RAPP, C.J., dissents.

RAPP, C.J., dissenting:

¶ 1 I dissent.

¶ 2 Title 59 O.S.2001, § 725.2 concerns who is permitted to use the term "doctor" when performing the healing arts. The statute is clearly a provision for protection of the public and has no application to persons with doctoral degrees in other professions. Thus, I would not extend Section 725.2 to limit the class of those who can claim a lien under 42 O.S.2001, § 46.

¶ 3 Moreover, the Majority's narrow definition of "physicians" overlooks historical applications of the lien statute. As the Majority observes, PTS was previously allowed to assert a Section 46 lien without challenge in an uninsured motorist insurance matter. *Richard v. OU Physicians*, 2005 OK CIV APP 108, 127 P.3d 618. Likewise, a clinic's assertion of a Section 46 lien was not challenged on the basis of the clinic's lack of status as a "physician" in *Broadway Clinic v. Liberty Mut. Ins. Co.*, 2006 OK 29, 139 P.3d 873. The logical result of applying Section 725.2 to

3. PTS also raises, in its petition in error, the issue of "[w]hether the District Court erred and contradicted itself when it failed to uphold its prior Order of July 2, 2003 in SC–2003–10186, *i.e.*, that PTS is entitled to be compensated for medical services rendered to Moss." That order was not included by PTS in the record on appeal. It appears that this argument relates to some initial determination of the merits of PTS's claim against Moss, which was discharged in a later bankruptcy case. Legal error is not presumed from a silent record; rather, it is the appellant's burden to provide this Court with a record sufficient to affirmatively demonstrate error on the part of the Trial Court. *First Fed. Sav. and Loan Ass'n v. Nath*, 1992 OK 129, ¶ 10, 839 P.2d 1336, 1342.

the Broadway Clinic would necessarily foreclose the Clinic from using the Section 46 lien statute. In other words, only an individual, and no other entity, could qualify for a Section 46 lien under the Majority's interpretation.

¶ 4 Section 46 is to be liberally construed. A strict construction confining its applicability only to "physicians" would eliminate much of the medical services now necessary to assist the physician in the diagnosis, treatment, and care of the person treated.

¶ 5 A physician's medical services include the various diagnostic services, lab tests, x-rays, scans, and other related services, necessary to diagnose the medical problem and treat the patient. Such services are often provided by outside providers, who operate and are independent of the individual referring or requesting physician. The physical therapist here can only perform treatment under the advice and direction of the physician and, as such, is providing and performing a medical service at the direction or request of the physician for the treatment and care of the patient who presented to the physician for medical services.

¶ 6 Thus, I would hold that, when a medical service is provided under the direction or request of a physician, the medical service provider may assert a physician's lien under Section 46.