2011 OK CIV APP 105

**In re the Marriage of Melissa JOHNSON,
Petitioner/Appellee,**

v.

**Scott JOHNSON, Respondent/Appellant.**

No. 108,307.

Court of Civil Appeals of Oklahoma,
Division No. 1.

July 7, 2011.

Rehearing Denied Aug. 18, 2011.

Melissa Johnson–Caro, Elgin, Oklahoma, Pro se, Petitioner/Appellee.

Danny C. Williams, Rush Springs, Oklahoma, for Respondent/Appellant.

CAROL M. HANSEN, Judge.

¶1 In August 1995, Petitioner, Melissa Johnson [Wife], and Respondent, Scott Johnson [Husband] were married. In January 2009, Wife filed a petition for separate maintenance against Husband [case no. FD 2009–41], and in February 2009, Wife filed an "amended petition for divorce."[1]

¶2 On May 21, 2009, Judge Aycock entered a temporary order, which, among other things, restrained Husband "... from going around [Wife] at any place she may be, at home, at work or anywhere else she might be, except for the picking up and delivering of the children for visitation."

¶3 Also in May 2009, while the divorce matter was pending, Wife sought a protective order against Husband [case no. PO 2009–246]. Judge Harris issued an emergency protective order against Defendant, ordering him not to have any contact with Wife, not to stalk her, injure her nor harass her. In the emergency protective order, Judge Harris set a hearing on the matter for June 12, 2009, the same date for expiration of the terms of the emergency protective order.[2]

¶4 On October 21, 2009, Judge Aycock conducted the divorce trial. On November 30, 2009, Judge Aycock filed a letter ruling, addressed to both parties' counsel, determining custody of the parties' two sons, the parties' separate property, dividing the marital property, and awarding Wife support alimony. He also determined " 'The Protective Order and Mutual Orders of Restraint' shall remain in effect."

---

1. The record on appeal does not include a petition for divorce or an amended petition for divorce.

2. The trial court docket sheet in case no. PO–2009–246 indicates that on June 15, 2009, Judge Harris continued Wife's application for "temporary restraining order" until August 20, 2009: "The ex parte order of restraint to remain in full force and effect; the defendant to have no contact with plaintiff." On August 17, 2009, Judge Harris continued the application for "temporary restraining order" until October 29, 2009: "The ex parte order of emergency protective order to remain in full force and effect. The defendant to have no contact with plaintiff. So ordered." The docket sheet indicates on October 29, 2009,

Judge Harris granted the protective order. On November 19, 2009, Judge Harris ruled "the emergency protective order shall remain in effect until December 18, 2009, ... at which time the emergency order of protection shall expire...." The same trial court docket sheet also reveals that on February 11, 2010, Judge Aycock, rather than Judge Harris, issued a court minute stating, "Protective Order, PO–2009–246, and mutual orders of restraint remain in full force and effect for the statutory limit of three (3) years. Per decree of divorce in FD–2009–41 filed 2/4/10. So ordered." On February 22, 2010, Judge Aycock issued another court minute stating, "Protective order to remain in full force and effect until 5/29/2012. So ordered."

¶ 5 On February 4, 2010, Judge Aycock entered the decree of divorce. Among other things, he awarded custody of the parties' two sons to Wife and awarded Husband standard visitation. He also awarded Wife "alimony in lieu of support . . . in the amount of $23,400, payable at the rate of $1200.00 per month for 12 months, commencing January 1, 2010 and $750.00 per month for 12 months, commencing January 1, 2011." He determined the 1970 Ford Mustang, and the 1952 GMC pickup to be jointly owned property and that they should be sold and the proceeds divided equally between the parties. Further, he ordered "[t]he Protective Order and mutual Orders of Restraint remain in full force and effect for the statutory limit of three (3) years."

¶ 6 Husband filed a motion for new trial, arguing the trial court abused its discretion in its division of marital property and its determination of the character of certain personal property. He further argued the trial court abused its discretion in ordering the protective order to remain in effect for three years because the protective order, issued by Judge Harris expired December 18, 2009, before the decree was filed. He also complained the trial court abused its discretion in its " . . . custody and alimony award." On April 21, 2010, the trial court entered an order denying Husband's motion for new trial. Husband appeals this order.

¶ 7 The denial of a motion for new trial is addressed to the sound discretion of the trial court, and its action will not be disturbed on appeal unless it clearly appears the court erred in some pure, simple and unmixed question of law, or acted arbitrarily or capriciously. *Ingram v. Ingram*, 2005 OK CIV APP 87, 125 P.3d 694.

¶ 8 Husband argues Judge Aycock had no authority in the decree to order the protective order, issued by Judge Harris under another case number, to remain in effect for three years. The protective order expired December 18, 2009. Judge Aycock never issued a protective order in the divorce matter. Title 22 O.S. Supp.2008 § 60.2A.(1) provides, in part:

A.   *  *  *

1. . . . If a petition has been filed in an action for divorce . . . and either party to the action files a petition for a protective order in the same county where the action for divorce . . . is filed, the petition for the protective order may be heard by the court hearing the divorce . . . if:

a.   there is no established protective order docket in such court, or

b.   the court finds that, in the interest of judicial economy, both actions may be heard together; provided, however, the petition for a protective order, . . . shall remain a separate action and a separate order shall be entered in the protective order action . . .

¶ 9 Husband states, and Wife does not dispute, that "Judge Harris maintains an established protective order docket for victims [sic] protective orders." The docket sheet in case no. PO 2009–246 indicates a separate action and separate orders.

¶ 10 Contrary to § 60.2A(1)(a), Judge Aycock had no authority in the divorce decree to order that "[t]he Protective Order and mutual Orders of Restraint remain in full force and effect for the statutory limit of three (3) years." Judge Aycock abused his discretion in so ordering.

¶ 11 Husband also submits the trial court abused its discretion in finding a 1970 Ford Mustang and a 1952 GMC pickup marital property, which it ordered sold and the proceeds equally divided. Husband testified he purchased both vehicles prior to marriage. Wife testified Husband owned the 1970 Mustang prior to marriage, but that after marriage she and Husband " . . . spent an extensive amount of money buying items . . ." to restore it. She also testified after she and Husband married, his father " . . . gave [the 1952 pickup] to us."

¶ 12 Wife also testified the titles to both vehicles were registered in both her name and Husband's name. Husband did not produce any evidence to the contrary. In fact, the trial court opined:

A discovery request was made in the proper course of this case that has not been complied with. I've heard the testimony from [Wife] in this case that in her judg-

ment that these [vehicles] are all held jointly. And the conclusions that I'm going to make in this case is that the titles on all of these vehicles show that they're held as joint tenants unless you can show me evidence to the contrary.

Now, [Wife's counsel] has made a proper request for those titles and apparently they've not been forthcoming. That rests in the lap of [Husband]. Either you or the previous attorney.

And I'm not going to have [Wife's counsel] or his client suffer the consequences of a discovery lapse or a failure to comply with discovery.

\* \* \*

If at some point title to these cars was conveyed to these parties as joint tenants, then that's a gift.

So unless you've got some documentary evidence to the contrary, I'm going to make a ruling that all of these vehicles are held jointly.

The trial court's finding classifying the 1970 Ford Mustang and the 1952 pickup as marital property is not contrary to the weight of the evidence. The trial court did not abuse its discretion in so finding. *In re Marriage of Murphy*, 2010 OK CIV APP 1, 225 P.3d 820.

■ ¶ 13 Next, Husband contends the trial court abused its discretion in dividing the martial estate because it awarded Wife an inequitable distribution of personal property. Title 43 O.S. § 121 provides, in part, "... As to such property, whether real or personal, which has been acquired by the parties jointly during their marriage, whether the title thereto be in either or both of said parties, the court shall ... make such division between the parties as may appear just and reasonable...."

¶ 14 Husband does not explain why the division of the personal property is inequitable. He only notes the trial court awarded Wife possession of the marital home, even though she cannot afford to make payments on it. He further explains that during the divorce proceedings, Wife purposefully damaged his 1935 Chevrolet truck, his separate property. He testified the value of the truck

was $3,000.00. He complains the trial court did not award him $3,000.00 for damage to the truck.

¶ 15 In spite of the above-mentioned complaints, Husband does not demonstrate the division of the personal property was not "just and reasonable." He has not sustained his burden of demonstrating the trial court abused its discretion in its division of the personal property in "the marital estate." *Teel v. Teel,* 1988 OK 151, 766 P.2d 994.

■ ¶ 16 Next, Husband argues the trial court erred in entering an award of "alimony that was unclear and unenforceable." In the decree, the trial court ordered:

[Wife] be and she is hereby awarded alimony in lieu of support in the amount of $23,400.00 payable at the rate of $1200.00 per month for 12 months, commencing January 1, 2010, and $750.00 per month for 12 months, commencing January 1, 2011.

¶ 17 Husband suggests the trial court's award "is an additional award of property and not support," and prays the Court of Civil Appeals remand the matter for clarification.

¶ 18 In its November 30, 2009, letter ruling to the parties' counsel, the trial court found, in part:

The Court finds that [Wife] has demonstrated that she has financial needs over and above those met by child support and her salary, and further finds that she should be awarded support alimony in the total sum of $23,400, payable at the rate of $1200 per month for 12 months and $750 for the second 12 months. Said support alimony shall commence on or before January 1, 2010.

The trial court's finding in the November 30th letter ruling clearly indicates because Wife has financial needs, she should be awarded support alimony in a specific amount payable at a designated rate for a certain period of time. In the decree the trial court awarded Wife the same specific amount, payable at the same designated rate and for the same period of time. It is apparent the trial court's characterization of "ali-

mony in lieu of support" is, in fact, "support alimony," not an award of property.

¶ 19 Next, Husband submits the trial court abused its discretion in awarding physical custody of the parties' two sons to Wife. He points out witnesses testified he is a good father. On the other hand, he points out Wife's mother testified Wife turned off the son's cell phone late one night after the son complained to Father he was tired and did not want to talk. A witness testified, while in Wife's custody, the sons were locked out of the house when they returned home before Wife returned home. Also, the sons had been left alone on more than one occasion.

¶ 20 The party alleging error in the trial court's determination of custody must set forth the evidence upon which he relies and must affirmatively show how the determination is contrary to the best interest of the child. *Acox v. Acox*, 2000 OK CIV APP 136, 18 P.3d 363. Although Husband points out select testimony favorable to him, several witnesses testified Wife is an excellent mother. The trial court is entitled to choose which testimony to believe as the judge has the advantage over this Court in observing the behavior and demeanor of the witnesses. *Mueggenborg v. Walling*, 1992 OK 121, 836 P.2d 112. The trial court had the parties before it and was in the best position to determine that which will be in the best interest of the sons. The trial court's custody decision will not be reversed unless it was contrary to law or clearly against the weight of the evidence. *Gorham v. Gorham*, 1984 OK 90, 692 P.2d 1375. This Court cannot say the custody decision is contrary to the clear weight of the evidence or that it is contrary to law.

¶ 21 Finally, Husband contends he cannot adequately prepare for the present appeal because pages 131–138 and pages 230–242 of the trial record are missing. He further complains the "District Clerk of Comanche County" denied him a requested copy of the trial record. He prays this Court remand the matter to the trial court to determine omissions in the record and to order that a copy of the trial record be made available to him.

¶ 22 In spite of Husband's contention, pages 131–138 and pages 230–242 are contained in the record. Moreover, Husband does not explain how he has been hindered in presenting his propositions of error on appeal. This contention is without merit.

¶ 23 This matter is AFFIRMED IN PART, REVERSED IN PART AND REMANDED WITH DIRECTIONS TO VACATE THAT PART OF THE DECREE ORDERING "[t]he Protective Order and mutual Orders of Restraint remain in full force and effect for the statutory limit of three (3) years."

HETHERINGTON, P.J., and BELL, C.J., concur.